David ADAMO, Plaintiff,

v.

**HOTEL, MOTEL, BARTENDERS, COOKS AND RESTAURANT WORKERS' UNION, et al., Defendants.**

No. 86–CV–72333–DT.

United States District Court, E.D. Michigan, S.D.

March 10, 1987.

Lance Fertig, Birmingham, Mich., for plaintiff.

Miller, Cohen, Martens & Ice, P.C. by Renate Klass, Southfield, Mich., for defendants.

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMOVAL AND/OR MOTION TO RECLUSE**

COHN, District Judge.

This is a breach of the duty of fair representation case. Plaintiff alleges he was wrongfully discharged from his employment with the Birmingham Athletic Club in September, 1984 and that the Union, which is a Defendant, improperly handled his grievance and the subsequent arbitration.

The law firm representing the Defendant Union in this case also handled the underlying arbitration on behalf of the Union. Plaintiff has moved to disqualify the law firm on the grounds of alleged conflict of interest. Plaintiff argues that it would be improper for the law firm to represent the Defendant Union in this matter where the same law firm had participated in the underlying arbitration.

*Griesemer v. Local 1393*, 482 F.Supp. 312 (E.D.Pa.1980), while not binding on this Court, is a case almost on all fours with this case. In *Griesemer* the District Court found that the law firm representing the union in processing the member's grievance at no time formally represented or even held itself out as the union member's lawyer.

On the record before me I find that the same *circumstances* obtain here. Plaintiff filed the grievance. Defendant Union processed it. In the arbitration, which as far as I can tell from the record, is the first time that the law firm appears, it is the Union which is the party. This is emphasized by looking at the caption on the arbitrator's decision. This is true even if the Plaintiff would have benefitted from a favorable decision.

In a labor dispute with an employer it is the union which carries on the dispute. The member's rights must be exercised through the union and it is the union which is the client of the law firm. The union is not obligated to go to arbitration. The union has the discretion. That is one of the points in issue here—how the

arbitration was handled on behalf of the Union.

As pointed out in *Griesemer,* if a law firm cannot represent the union in a case such as this, every labor union would have to retain a number of law firms to handle various aspects of its legal work.

There is nothing in this record to suggest any conflict of interest or that any member of the law firm will be required to testify on other than formal matters at trial.

There is nothing in this record to suggest that any confidences were exchanged between the Plaintiff and the law firm, or that any time the Plaintiff looked to the law firm as his lawyers. Also, on the meager record before me it appears that when Plaintiff, for the first time, expressed dissatisfaction with his circumstances he sought a lawyer separate from the law firm, and it was on the basis of a separate lawyer's advice that he took the action that he did. Accordingly,

IT BE AND IS HEREBY ORDERED that Plaintiff's Motion for Removal and/or Motion to Recluse is denied.